UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DARRYL COHEN,

          Petitioner,

v.

SUPERINTENDENT OF SING SING
CORRECTIONAL FACILITY,

          Respondent.

**MEMORANDUM & ORDER**
22-CV-02553 (HG)

HECTOR GONZALEZ, United States District Judge:

    Darryl Cohen ("Petitioner") was sentenced pursuant to a New York recidivism statute as a persistent violent felony offender. Petitioner, who is presently incarcerated in Sing Sing Correctional Facility, filed a petition for a writ of habeas corpus ("Petition") seeking federal review of his sentence. Petitioner was then ordered to show cause regarding his significant delay in filing his Petition. Petitioner's subsequent filings do not allege circumstances sufficient to further statutorily or equitably toll the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act").

    For the reasons set forth below, the Petition is dismissed *sua sponte* as time-barred.

## BACKGROUND

    As described in the Memorandum and Order to Show Cause dated May 18, 2022, Petitioner was sentenced to sixteen years to life as a persistent violent felony offender on December 3, 2013, after pleading guilty to one count of burglary in the second degree. *See* ECF No. 1 at 1; *People v. Cohen*, 73 N.Y.S.3d 760 (N.Y. App. Div. 2018)). On May 16, 2018, the Appellate Division affirmed his conviction. *See Cohen*, 73 N.Y.S.3d at 761. On July 27, 2018, the New York Court of Appeals ("Court of Appeals") denied leave to appeal. *See People v.*

*Cohen*, 108 N.E.3d 502 (N.Y. 2018). Petitioner's judgment of conviction became final ninety days from the date the Court of Appeals denied leave to appeal. *See* 28 U.S.C. § 2244(d)(1)(A); *Clay v. United States*, 537 U.S. 529–30 (2003) (inferring that the one-year limitations period provided in section 2244(d)(1)(A) is correctly read as running after the ninety days a person incarcerated in state prison might petition for a writ of certiorari). Therefore, Petitioner's conviction became final on or about October 25, 2018.

This Court understands that following the Court of Appeals' decision, Petitioner filed multiple applications for state post-conviction review. Petitioner filed a post-conviction motion to set aside the sentence under section 440.20 of the New York Criminal Procedure Law, which was ultimately denied on February 26, 2019. *See* ECF No. 1-2 at 12–16. Petitioner then filed an application seeking a certificate for leave to appeal the denial of his 440.20 motion with the Appellate Division, but that too was denied on July 9, 2019. *See* ECF No. 1-2 at 4. The dates on which each of these applications was filed is, however, unknown to the Court. Petitioner filed his *pro se* Petition through prison mail facilities on May 4, 2022—well over two years after the denial of his last post-conviction motion. *See* ECF No. 1 at 15.

Upon initial review of the Petition, the Court concluded that it was likely time-barred pursuant to 28 U.S.C. § 2244(d)(1). *See* ECF No. 3. Petitioner acknowledged that his Petition was untimely when it was filed but argued that exigent circumstances, namely the Covid-19 pandemic, prevented timely filing. *See* ECF Nos. 1 at 13, 1-2 at 38. In response to the Order to Show Cause, on May 30, 2022, Petitioner subsequently filed an affirmation. *See* ECF No. 4. Petitioner then mailed an additional letter with accompanying papers on June 17, 2022, reiterating the challenges presented by the pandemic and emphasizing the restrictions placed on access to the prison's law library. *See* ECF No. 5 at 1.

## **STANDARD OF REVIEW**

Absent legal theories for tolling Petitioner's limitations period, it is only necessary to review Petitioner's compliance with the statute of limitations as provided by the AEDPA, and the Court's compliance with this Circuit's standard for raising timeliness, an affirmative defense, *sua sponte*. *See, e.g.*, *Campbell v. Artus*, No. 14-cv-5594, 2019 WL 1434976, at *2–*3 (E.D.N.Y. March 29, 2019) (looking to the Act's text and the *Acosta v. Artuz*, 221 F.3d 117 (2d Cir. 2000) standard to dismiss a section 2254 petition as untimely *sua sponte*).

The AEDPA provides for a statute of limitations, which reads in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgement became final by conclusion of direct review or the expiration of the time for seeking such review;
>>
>> . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Although not "obliged" to, "district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). When a district court considers the timeliness of a petition on its own motion, it is important that "unless it is unmistakably clear . . . that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." *Acosta*, 221 F.3d at 125.

## **DISCUSSION**

Petitioner argues that certain attendant circumstances related to the Covid-19 pandemic should excuse his untimely filing. *See* ECF Nos. 4 at 1–2, 5 at 1. Essentially, he argues that the

relevant statute of limitations should be tolled on an equitable basis. *See* ECF No. 4. Petitioner's judgement of conviction became final ninety days from the date the Court of Appeals denied leave to appeal. *See* 28 U.S.C. § 2244(d)(1)(A); *Clay*, 537 U.S. at 529–30. Because the Court of Appeals denied his application on July 27, 2018, Petitioner's conviction became final on or about October 25, 2018. Under the AEDPA, the latest this Petition could have been filed was October 25, 2019. Consequently, the Petition signed by Petitioner on May 4, 2022, is barred by 28 U.S.C. § 2244(d) unless statutory or equitable tolling of a sufficient length is applicable.

### I. Statutory Tolling

While statutorily prescribed tolling is applicable in this case, the tolled period is of inadequate length to make the Petition timely. Even when construed in the light *most* favorable to Petitioner, the Court still finds the Petition to be time-barred. "In general, the one-year statute of limitations period runs from the date on which the state criminal judgment becomes final." *Best v. New York City Police Department Sex Offender Unit*, No. 20-cv-2382, 2020 WL 2933441, at *3 (E.D.N.Y. June 3, 2020); *see* 28 U.S.C. § 2444(d)(1)(A). However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is not counted toward the one-year limitations period. 28 U.S.C. § 2244(d)(2). Accordingly, the applicable one-year limitations period is tolled for periods of time during which a properly filed application for state post-conviction relief is pending. *See id.* However, filing a post-conviction motion does not reset the one-year statute of limitations and allow it to run anew. *See id.*; *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins . . . .").

4

In the present case, the filing dates of Petitioner's post-conviction appeals are unknown to the Court. But, even under the most generous reading of Petitioner's submissions, the Petition was filed over a year late. The one-year statute of limitations began to run on October 25, 2018, when Petitioner's conviction became final. If this Court assumes that each application for post-conviction review was then filed in succession such that the limitations period was tolled from October 25, 2018, until July 9, 2019, when his last application was denied, this Petition would have been due no later than July 9, 2020. Petitioner, however, did not file[1] his Petition until May 4, 2022—almost 22 months after the limitations period had run.

Following the dismissal of his applications for postconviction review, Petitioner did not seek a writ of certiorari, so it is not possible that additional time could be tolled on that basis. *See Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) ("where no certiorari petition was filed" tolling is inapplicable under section 2244(d)(2)). Furthermore, Petitioner does not allege in his affirmation, *see* ECF No. 4 at 1–2, or in his additional letters, *see* ECF Nos. 1-2 at 38, 5 at 1, other grounds for statutory tolling. As a result, the Court must conclude that the instant petition was untimely filed and should be dismissed.

## II.  Equitable Tolling

The Court construes Petitioner's affirmation and additional letters as asserting a claim for equitable tolling. *See* ECF Nos. 1-2 at 38, 4 at 1–2, 5 at 1. While the Court is mindful of the

---

[1]   This Court will consider the date Petitioner mailed his Petition as the filing date. *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (citing *Houston v. Lack*, 487 U.S. 266 (1988)) ("This 'prison mailbox' rule is justified by the litigant's dependence on prison mail system and lack of counsel to assure timely filing with the court.")

5

burdens imposed by the Covid-19 pandemic, it does not find that Petitioner alleges circumstances sufficient to equitably toll the statute of limitations by 22 months.

District courts may exercise their equity powers to toll the statute of limitations on a case-by-case basis under the AEDPA in "rare and exceptional circumstances." *Smaldone*, 273 F.3d at 138 (quoting *Smith v. McGinnis*, 208 F.3d at 17); s*ee also Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding equitable tolling as applicable to AEDPA). Equitable tolling is only appropriate when the petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011) (quoting *Holland*, 560 U.S. at 649) (internal quotation marks omitted in original). A petitioner need only pursue his rights under a standard that "calls for 'reasonable diligence, not maximum feasible diligence.'" *Harper v. Ercole*, 648 F.3d 132, 138 (2d Cir. 2011) (quoting *Holland*, 560 U.S. at 653) (cleaned up in original). The exercise of reasonable diligence is directly tied to the causation analysis necessary to determine what the actual cause of a petitioner's untimeliness was. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). The petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Id.* It follows that "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken." *Id.*

Here, Petitioner affirms that he was unable to file a timely petition because the Covid-19 pandemic restricted or prohibited access to the law library and created general inefficiency in Sing Sing Correctional Facility. *See* ECF No. 4 at 1–2. Petitioner additionally claims that he was unable to acquire documents he needed from his former attorney. *Id.* at 2. While the

pandemic undoubtedly created lamentable challenges for habeas petitioners, courts in this Circuit have held that its mere existence is not alone sufficient to warrant equitable tolling. *See, e.g.*, *Morales v. People*, No. 21-CV-2783, 2021 WL 6125598, at *2 (E.D.N.Y. Dec. 28, 2021) (finding petitioner's failure to demonstrate reasonable diligence when presented with pandemic-related challenges fatal to his claim for equitable tolling); *Mairs v. Fields*, No. 20-CV-1451, 2021 WL 4311140, at *2 (E.D.N.Y. Sept. 22, 2021) (declining to equitably toll limitations period where petitioner did not allege any efforts to contend with pandemic-related challenges); *Hines v. United States*, No. 20-CV-10064, 2021 WL 2456679, at *2 (S.D.N.Y. June 16, 2021) (conceding that "the effects of the Covid-19 pandemic could conceivably present extraordinary circumstances," but acknowledging that its existence alone does not warrant equitable tolling).

Accordingly, the existence of the Covid-19 pandemic alone is not enough to overcome Petitioner's burden to pursue his rights diligently and this Court finds that Petitioner did not show that he pursued the timely filing of his petition with reasonable diligence. The only action Petitioner affirms to have taken during the period he seeks to have equitably tolled is that "each and every day [he] tried [sic] to get to the Law Library." ECF No. 4 at 2. In his June 17, 2022, letter, Petitioner includes minutes from a January 2021 meeting of Sing Sing's Inmate Liaison Committee at which concerns surrounding access to certain law library amenities were raised. *See* ECF No. 5 at 7. The minutes do not, however, indicate that the library facilities were closed at that time or had been closed in the past. It is not apparent why reasonably diligent efforts could not have gained Petitioner access to the law library from July 9, 2019 to July 9, 2020, when the limitations period had run. Nor does Petitioner explain why he was unable to file his petition during the eight months before the start of the Covid-19 pandemic (from July 9, 2019 to

about March 11, 2020[2]). *See Hines*, 2021 WL 2456679, at *3 (finding significant time available for filing prior to the beginning of the pandemic relevant in assessing diligence). Regardless of his efforts, "restricted access to library facilities does not merit equitable tolling" because it is not considered to be an extraordinary circumstance. *Cross v. McGinnis*, No. 05-CV-504, 2006 WL 1788955, at *6 (S.D.N.Y. June 28, 2006). Rather, restricted access to the library is considered to be a "routine restriction[] on prison life" not rising to the level of extraordinary. *Townsend v. Superintendent*, No. 05-CV-4979, 2006 WL 721517, at *2 (E.D.N.Y. March 2, 2006); *see also Lindo v. Lefever*, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) ("[R]estricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances."). As this claim satisfies neither of the required elements for establishing the availability of equitable tolling, there is no basis to conclude that the Petition is timely.

Petitioner further alleges that he was actively seeking to acquire some unspecified documents from the attorney who represented him on appeal, but this is also both insufficient to show reasonable diligence and is premised on a circumstance not considered to be extraordinary. *See* ECF Nos. 1-2 at 38, 4 at 2. *See also Hines*, 2021 WL 2456679, at *2 ("Petitioner's claim fails because he does not identify any information he needed to file his petition."); *Holman v. Ebert*, No. 06-CV-3618, 2007 WL 4591718, at *4 (E.D.N.Y. Dec. 28, 2007) (listing cases finding the inability to acquire certain legal documents as not warranting equitable tolling). "Virtually every court that has addressed similar claims has held that a lack of access to legal papers is an inadequate ground for letting the one year period lapse." *Holman*, 2007 WL

---

[2]    On March 11, 2020, the World Health Organization (WHO) declared the novel coronavirus outbreak a global pandemic. *See* "WHO Director-General's opening remarks at the media briefing on COVID-19" World Health Organization (Mar. 11, 2020), https://www.who.int/director-general/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020.

8

4591718, at *4.  Here, much as in *Hines*, Petitioner is not specific as to what documents he was seeking or why they were essential for the successful filing of his Petition.  As a result, since the requisite showing of causality is lacking, there is no basis for equitable tolling.

## **CONCLUSION**

For want of timeliness, the Court dismisses the Petition with prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Court further finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability shall not issue.  *See* 28 U.S.C. § 2253(c)(2).  Any further request for a certificate of appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b).

The Clerk of Court shall enter judgement accordingly and close this case.  The Clerk of Court is further directed to serve a copy of this Memorandum and Order upon *pro se* Petitioner.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
      July 8, 2022